OPINION OF THE COURT
Memorandum.
Order affirmed, with costs. It is true that the standard fire insurance policy is mandated by statute, not subject to negotiation by the parties. Nevertheless, it has been held that *795 statutory modifications of a standard insurance policy are, generally, not to be applied retroactively to policies already in force on the effective date of the statutory amendments (Mulligan v Travelers Ins. Co., 306 NY 805, affg 280 App Div 764). The liberalized policy provisions may not be imposed on the insurer until there is an opportunity to discontinue coverage (see Health Ins. Assn. v Harnett, 44 NY2d 302; Moore v Metropolitan Life Ins. Co., 33 NY2d 304, 312). Since the three-year policy in this case was in force for more than a year before the amendment took effect, the one-year limitation period provided in the policy governs.
The policy’s "Liberalization Clause” does not aid plaintiff. That clause deals with extensions of coverage initiated by the insurer, not with statutory modifications of the insurance agreement.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order affirmed.